IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISIONS

| | |
|---|---|
| TIMOTHY C. CHATMON,         § | |
|     PLAINTIFF,          § | |
|                         § | |
| V.                                 § | CASE NO. 3:17-CV-3322-L-BK |
|                         § | |
| COMMISSIONER OF THE SOCIAL  § | |
| SECURITY ADMINISTRATION,     § | |
|     DEFENDANT.          § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Before the Court is Defendant's *Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law*, Doc. 20. For the reasons that follow, Defendant's motion should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

In October 2001, Plaintiff filed an application for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, which an Administrative Law Judge ("ALJ") granted in January 2004. Doc. 20-1 at 2-3, 5. Plaintiff currently receives SSI. Doc. 20-1 at 3, 5.

In July 2012, Plaintiff filed an application for disability insurance benefits under Title II ("DIB"), which an ALJ denied in January 2015. Doc. 20-1 at 24. However, in January 2017, upon remand from the Appeals Council, the ALJ granted Plaintiff's application. Doc. 20-1 at 3, 29, 31, 46. The ALJ's decision notified Plaintiff of his right to appeal. Doc. 20-1 at 3, 34.

Throughout 2017, the Social Security Administration ("SSA") mailed several notices to Plaintiff, informing him (1) that his SSI would be lowered due to his DIB award, with an additional amount deducted each month until he repaid the excess SSI payments he had received, Doc. 20-1 at 3-4, 47-49, 54-57 (advised of appeal at p. 50), (2) that the SSA also had overpaid Plaintiff's DIB, Doc. 20-1 at 4, 59-60, and (3) of the amount of money that would be withheld per month to recover the DIB overpayment, Doc. 20-1 at 61. Three letters advised Plaintiff of his right to appeal each decision, Doc. 20-1 at 49-50, 56-57, 59 , and two of them advised Plaintiff that he could apply for a waiver of the repayment amount, Doc. 20-1 at 56, 59.

Defendant's records "do not indicate" that Plaintiff ever requested a waiver or filed an appeal with regard to the overpayment. Doc. 20-1 at 3-4 (Decl. of Cristina Prelle, SSA Chief of Court Case Preparation). Still, Plaintiff filed this civil action on December 7, 2017, alleging that "[t]he local office has refused to implement" the ALJ's favorable decisions and was deducting money from his checks, but had not told him why. Doc. 3 at 1. Defendant now moves to dismiss Plaintiff's *Amended Complaint* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 7; Doc. 20.

II.   **APPLICABLE LAW AND ANALYSIS**

Federal courts are authorized to adjudicate claims only when jurisdiction is conferred by statute or the United States Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Therefore, a case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). In ruling on such a motion, the Court may evaluate

2

the complaint, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001).

There are two types of challenges to a court's subject matter jurisdiction: facial attacks and factual attacks. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If a defendant files only a Rule 12(b)(1) motion, that constitutes a facial attack. *Id.* A Rule 12(b)(1) motion presents a factual attack where, as here, it is accompanied by evidence that contradicts the jurisdictional allegations in the complaint. *Id.* In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. *Id.*

Defendant attaches to its motion the Declaration of Cristina Prelle, Doc. 20-1 at 1, in support of the Commissioner's argument that the Court lacks subject matter jurisdiction over this case because Plaintiff has not obtained a "final decision" from the Commissioner and, thus, has not exhausted his remedies. Doc. 20 at 1, 3-4. In response, Plaintiff contends that he does not "seek a review of the favorable determination[s]" but instead seeks "actual enforcement of their many rulings and granting of the benefits that were mandated." Doc. 21 at 1.

Section 405(g) of the Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security" may obtain a "review of such decision by a civil action . . . in the district court of the United States[.]" 42 U.S.C. § 405(g). Furthermore, Section 405(h) states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

3

The Act does not define "final decision," but leaves it "to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a)). The regulations provide that if a "claimant fails to request review from the [Appeals] Council, there is no final decision and as a result, no judicial review in most cases." *Id.* (citing 20 C.F.R. § 404.900(b)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975)).

Because, Defendant's claim presents a factual attack on the Court's subject matter jurisdiction, Plaintiff bears the burden to establish by a preponderance of the evidence that the Court has subject matter jurisdiction in this case. *Paterson*, 644 F.2d at 523. Plaintiff has failed to satisfy his burden.

Plaintiff attaches to his response an undated document titled "request for waiver of overpayment recovery or change in repayment rate," in which Plaintiff checks a box stating that the overpayment "was not [his] fault and [he] cannot afford to pay the money back and/or it is unfair for some other reasons." Doc. 21 at 4. But as the document is undated, the Court cannot determine when—or whether—the document was ever submitted to the SSA. Moreover, the very next document that Plaintiff attaches appears to be a signature page dated February 14, 2013, but that date is four years before the SSA sent notices of overpayment to Plaintiff. Doc. 21 at 6. The remainder of Defendant's attached documents either (1) indicate that the SSA was responding to Plaintiff's request for records, (2) explain the overpayment process, or (3) are parts of documents included in the administrative record. Doc. 21 at 8-15. None of the attachments establish that Plaintiff ever exhausted the administrative process for appealing the overpayment

4

recovery. Accordingly, the Court concludes that Plaintiff has not established by a preponderance of the evidence that he ever requested a waiver from the SSA.

Even if, as Plaintiff suggests, the purported "request for waiver of overpayment" was actually submitted, Plaintiff has not offered proof that he ever appealed any denial of his waiver request to the SSA, let alone that an Administrative Law Judge or the Appeals Council granted or denied such a request. *Cf. Sims v. Apfel*, 530 U.S. 103, 106 (2000) (noting that "if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision," but if "the Council denies the request for review, the ALJ's opinion becomes the final decision.").

Accordingly, as Plaintiff has not identified a final decision by the Commissioner, the Court lacks subject matter jurisdiction over his *Amended Complaint*. Doc. 7.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 20, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on July 22, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).